UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2005 FEB -9 P 1:01
U.S. DISTRICT COURT DISTRICT OF MASS.

Civil Action No.

05 10256 PBS

TODD J. BENNETT,
Plaintiff

v.

MAGISTRATE JUDGE MBB

PROGRESSIVE ASSET MANAGEMENT SERVICES, INC., and LOS ANGELES COUNTY DEPARTMENT OF WATER AND POWER,
Defendants

RECEIPT # 616964
AMOUNT $250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. FDM
DATE 2/9/05

**DEFENDANTS' NOTICE OF REMOVAL**

The defendants Progressive Asset Management Services, Inc. ("Progressive") and Los Angeles County Department of Water and Power ("Department"), hereby remove the within action from the Woburn District Court (Middlesex County) to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C., §§ 1331, 1441(a), (b), and 1446(a). As grounds for the removal of this action, the defendants state as follows:

(1) The plaintiff Todd J. Bennett ("Bennett") commenced a civil action in the Woburn District Court on or about December 29, 2004, captioned *Todd J. Bennett v. Progressive Asset Management Services, Inc. and Los Angeles County Department of Water and Power*, Woburn District Court, Civil Action No. 0453CV1321;

(2) Service of the Summons and Complaint was purportedly made on the defendants Progressive and Department on or after January 10, 2005;

(3) The plaintiff's Complaint alleges that an unknown person applied for an account with the Department using information about Bennett (identity theft), that the Department hired Progressive to collect amounts unpaid on the account, that Bennett later learned about this and told the defendants that their pursuit was of the wrong person, that the defendants failed to clear

Bennett's credit report of the negative credit information promptly, and that Bennett was harmed by the defendants' conduct;

(4) The plaintiff claims that the alleged conduct violated the Massachusetts General Laws and the federal statutes commonly known as the Fair Credit Reporting Act (15 USC §1681 et seq.) and the Fair Debt Collection Practices Act (15 USC §1692 et seq.);

(5) The plaintiff has a usual place of business in Wilmington, Massachusetts. The defendant Progressive is a corporation with a usual place of business in Simi Valley, California, and the defendant Department has a usual place of business in Los Angeles, California;

(6) This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §1331 as the plaintiff alleges violations of the Laws of the United States.

Attached hereto, pursuant to 28 U.S.C. §1446(a), are copies of the Summons and Complaint with which the defendants were served in this matter.

**PROGRESSIVE ASSET MANAGEMENT SERVICES, INC., and LOS ANGELES COUNTY DEPARTMENT OF WATER AND POWER,**
By their attorney,

Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199-8004
617-973-6100

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 8 day of February, 2005, I caused a copy of the above to be mailed to Brian T. Corrigan, Esquire, Todd J. Bennett, Esquire, Corrigan, Bennett & Belfort, P.C., 404 Main Street, Suite One, Wilmington, MA 01887.

Steven S. Broadley

ID # 419955v01/13807-6/ 02.08.2005

# Commonwealth of Massachusetts
# District Courts of Massachusetts

WOBURN DIVISION
30 Pleasant Street
Woburn, Massachusetts 01801
781/935-4000

Atención — Este es una notificación oficial de la Corte. Si Ud no sabe leer ingles, obtenga traducción.
Atenção — Este é um aviso oficial do Tribunal. Se voce nao sabe ler ingles, obtenha tradução.

Middlesex ss

Todd J. Bennett, Plaintiff
v.
Progressive Assett Management Services, Inc. & C/o Jon S. ...llvck Registered Agent
Los Angeles County Dept. of Water and Power

Civil Action No. 0453CV1321

## SUMMONS
(Rule 4)

To defendant Progressive Asset Management, Inc of 1965 Yosemite Av Ste 210, Simi Valley, CA 93063
(name) (address)

You are hereby summoned and required to serve upon Todd Bennett, plaintiff ('s attorney), whose address is 404 Main St., Ste 1, Wilmington, MA 01887, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS MARIE O. JACKSON-THOMPSON, Presiding Justice, on ______

Kathleen M. McKeon

COMMONWEALTH OF MASSACHUSETTS DISTRICT COURT DEPARTMENT WOBURN DIVISION

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On ______ (date of service) I served a copy of the within summons, together with the copy of the complaint in this action, upon the within named defendant, in the following manner (see Rule 4(d) (1-5)):

______ (signature)

______ (name and title)

______ (address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

Form 24 2M 11/97

This form prescribed by the Chief Justice of the District Courts.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

WOBURN DISTRICT COURT
TRIAL COURT DEPARTMENT
DOCKET NO. 0453CV1321

TODD J. BENNETT,
Plaintiff

v.

PROGRESSIVE ASSET MANAGEMENT SERVICES, INC. and LOS ANGELES COUNTY DEPARTMENT OF WATER AND POWER
Defendants.

AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

I.
**PARTIES**

1. The Plaintiff, Todd J. Bennett (Plaintiff), is a resident of the Commonwealth of Massachusetts.

2. The Defendant, Progressive Asset Management, Inc. (Progressive), on information and belief, is a California Corporation engaged in the business of debt collection. The principal address of Progressive is 5924 E. Los Angeles Avenue, Ste. P, Simi Valley, CA 93063.

3. The Defendant, Los Angeles County Department of Water and Power (LADWP), on information and belief, is an entity engaged in the business of providing water and/or power services, with a principal address of 111 North Hope Street, Los Angeles, CA 90012.

II.
**FACTS**

5. Plaintiff has been a resident of the Commonwealth of Massachusetts consistently since October, 1999 and never resided in California.

6. Sometime in 2002 or 2003, an unknown person or persons applied for an account with the LADWP using Plaintiff's personal information and/or social security number. Additionally, services were provided to this/these unknown person/s by the LADWP in Los Angeles County, CA.



7. This/these unknown person/s failed to pay a balance of $129.00 and ostensibly, the LADWP hired Progressive to collect this debt.

8. This debt was placed onto Plaintiff's credit report.

9. Plaintiff only found out about this negative credit information when he applied for his auto loan in or about September of 2003.

10. Shortly thereafter in the Fall of 2003, Plaintiff contacted the LADWP and Progressive and provided extensive documentation that he never lived in California, but instead, was a resident of Massachusetts. Furthermore, Plaintiff provided proof that he had been practicing law continuously in Massachusetts since 1999.

11. LADWP and Progressive failed to investigate and/or take reasonable measures both before placing negative credit information on Plaintiff's credit report and/or after Plaintiff notified Defendants of the problem.

12. In April of 2004, both Progressive and the LADWP advised Plaintiff that he was exonerated from the $129.00 water bill.

13. Nevertheless, the negative data persisted on Plaintiff's credit report.

14. Both the LADWP and Progressive communicated with Plaintiff at Plaintiff's business address of 404 Main Street, Suite 1, Wilmington, MA.

15. Plaintiff continued to communicate with both Defendants and advised them that the negative credit data was adversely affecting him and that he demanded that it be removed without haste.

16. The negative credit data remained on Plaintiff's credit report. Accordingly, on November 22, 2004, Plaintiff sent a demand letter pursuant to M.G.L. c.93A, relative to the delay in removing the negative credit data from Plaintiff's credit report. This letter was sent to both Defendants.

17. Plaintiff received a courtesy copy of his credit report from Experian dated December 17, 2004, and noticed that on November 29, 2004 and without Plaintiff's consent, Progressive viewed Plaintiff's credit report.

18. In viewing Plaintiff's credit report without his consent and without legitimate purpose, Plaintiff's credit report now reads under the "comments" section, as follows: "Collection purpose. This inquiry is scheduled to continue on record until 12-2006."

19. LADWP failed to respond to the demand letter.

20. Progressive responded to the letter, but failed to tender a reasonable offer of settlement and failed to otherwise comply with M.G.L. c.93A.

## III.
## COUNTS

### -- COUNT ONE --
### VIOLATION OF MASSACHUSETTS GENERAL LAWS AND CODE OF MASSACHUSETTS REGULATIONS RELATING TO UNFAIR DEBT COLLECTION

10. The Plaintiff hereby reiterates and incorporates all paragraphs of this Complaint as if fully stated herein.

11. The actions of both the LADWP and Progressive violated Massachusetts General Laws and the Code of Massachusetts Regulation relative to debt collection.

12. Plaintiff was damaged.

### -- COUNT TWO --
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

13. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

14. The actions of both the LADWP and Progressive violated the Fair Credit Reporting Act.

15. Plaintiff was damaged.

### -- COUNT THREE --
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

17. The actions of both the LADWP and Progressive violated the Fair Debt Collection Practices Act.

18. Plaintiff was damaged.

### -- COUNT FOUR --
### VIOLATION OF M.G.L. C.93A, SECTIONS 2 AND 9

19. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

20. The actions of both the LADWP and Progressive violated the Massachusetts Consumer Protection Act.

21. Plaintiff was damaged.

## IV. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following:

1. Judgment against defendants, jointly and severally;
2. Costs and attorney's fees;
3. Multiple damages; and
3. Any other relief this Court deems fair and just.

## V. JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues under this civil action.

Respectfully submitted,

Date: January 5, 2005

Brian T. Corrigan

Brian T. Corrigan, Esq.
BBO # 641750
Todd J. Bennett
BBO# 643185
Corrigan, Bennett & Belfort, P.C.
404 Main Street, Suite One
Wilmington, MA 01887
Tel.: (978) 988-1544

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE
2005 FEB -9 P 1:01
U.S. DISTRICT COURT
DISTRICT OF MASS.

1. **Title of case (name of first party on each side only)**
   ***Bennett v. Progressive Asset Management Services, Inc.***

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

   __ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   /X/ 480

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   __ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   __ V. 150, 152, 153.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

   **NONE.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

   **YES** ☐ **NO** ☒

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)**

   **YES** ☐ **NO** ☒

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

   **YES** ☐ **NO** ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

   **YES** ☐ **NO** ☒

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

   **YES** ☒ **NO** ☐

   1. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒ Central Division ☐ Western Division ☐

   2. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐ Central Division ☐ Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐ NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME : Steven S. Broadley, BBO #542305

ADDRESS : Posternak Blankstein & Lund LLP, 800 Boylston Street, 33rd Floor, Boston, MA 02199

TELEPHONE NO. : 617-973-6136

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED IN CLERKS OFFICE
2005 FEB -9 P 1:07
U.S. DISTRICT COURT DISTRICT OF MASS.

**I. (a) PLAINTIFFS**

Todd J. Bennett

**(b)** County of Residence of First Listed Plaintiff Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian T. Corrigan, Esq.
Corrigan Bennett & Belfort PC, 404 Main Street, Suite 1
Wilmington, MA 01887

**DEFENDANTS**

Progressive Asset Management Services, Inc. and Los Angeles County Department of Water and Power

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund LLP, 800 Boylston Street, Boston, MA 02199, 617-973-6136

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☑ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
15 USC Sec.1681, 15 USC. Sec.1692

Brief description of cause:
Plaintiff claims violations of credit reporting and debt collection statutes.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** NONE (See instructions): JUDGE DOCKET NUMBER

DATE 2/08/2005 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE