

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

05 cv 10256 PBS

TODD J. BENNETT,
Plaintiff

v.

PROGRESSIVE ASSET MANAGEMENT
SERVICES, INC., and LOS ANGELES
COUNTY DEPARTMENT OF WATER
AND POWER,
Defendants

## DEFENDANTS' NOTICE OF REMOVAL

The defendants Progressive Asset Management Services, Inc. ("Progressive") and Los

Angeles County Department of Water and Power ("Department"), hereby remove the within

action from the Woburn District Court (Middlesex County) to the United States District Court

for the District of Massachusetts, pursuant to 28 U.S.C., §§ 1331, 1441(a), (b), and 1446(a). As

grounds for the removal of this action, the defendants state as follows:

(1)     The plaintiff Todd J. Bennett ("Bennett") commenced a civil action in the

Woburn District Court on or about December 29, 2004, captioned *Todd J. Bennett v. Progressive*

*Asset Management Services, Inc. and Los Angeles County Department of Water and Power*,

Woburn District Court, Civil Action No. 0453CV1321;

(2)     Service of the Summons and Complaint was purportedly made on the defendants

Progressive and Department on or after January 10, 2005;

(3)     The plaintiff's Complaint alleges that an unknown person applied for an account

with the Department using information about Bennett (identity theft), that the Department hired

Progressive to collect amounts unpaid on the account, that Bennett later learned about this and

told the defendants that their pursuit was of the wrong person, that the defendants failed to clear

ID # 419955v01/13807-6/ 02.08.2005

Bennett's credit report of the negative credit information promptly, and that Bennett was harmed by the defendants' conduct;

(4)    The plaintiff claims that the alleged conduct violated the Massachusetts General Laws and the federal statutes commonly known as the Fair Credit Reporting Act (15 USC §1681 et seq.) and the Fair Debt Collection Practices Act (15 USC §1692 et seq.);

(5)    The plaintiff has a usual place of business in Wilmington, Massachusetts. The defendant Progressive is a corporation with a usual place of business in Simi Valley, California, and the defendant Department has a usual place of business in Los Angeles, California;

(6)    This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §1331 as the plaintiff alleges violations of the Laws of the United States.

Attached hereto, pursuant to 28 U.S.C. §1446(a), are copies of the Summons and Complaint with which the defendants were served in this matter.

> **PROGRESSIVE ASSET MANAGEMENT SERVICES, INC., and LOS ANGELES COUNTY DEPARTMENT OF WATER AND POWER,**
> By their attorney,
>
> Steven S. Broadley, BBO #542305
> Posternak Blankstein & Lund, LLP
> Prudential Tower
> 800 Boylston Street, 32nd Floor
> Boston, MA 02199-8004
> 617-973-6100

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 8 day of February, 2005, I caused a copy of the above to be mailed to Brian T. Corrigan, Esquire, Todd J. Bennett, Esquire, Corrigan, Bennett & Belfort, P.C., 404 Main Street, Suite One, Wilmington, MA 01887.

Steven S. Broadley

# Commonwealth of Massachusetts

## District Courts of Massachusetts

WOBURN DIVISION
30 Pleasant Street
Woburn, Massachusetts 01801
781/935-4000

Atención — Este es una notificación oficial de la Corte. Si Ud no sabe leer ingles, obtenga traducción.

Atenção — Este é um aviso oficial do Tribunal. Se você não sabe ler ingles, obtenha tradução.

Middlesex ss

Todd J. Bennett, Plaintiff                    Civil Action No. __C453CV1321__
        v.
Progressive Asset Management Services,        **SUMMONS**
Inc. &C/o Jon S. Walluck _Registered_ (Rule 4)
Los Angeles County Dept. of Water and Power
To defendant _Progressive Asset Management, Inc_ of _1965 Yosemite Av Ste 210, Simi Valley, CA 93063_
                    (name)                                    (address)

You are hereby summoned and required to serve upon __ToddBennett__, plaintiff ('s attorney), whose address is _404 Main St, Ste 1, Wilmington, ma 01887_, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS __MARIE O. JACKSON-THOMPSON__, Presiding Justice, on _____

_Kathleen M McKeon_

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____    I served a copy of the within summons, together with the copy of the
        (date of service)

complaint in this action, upon the within named defendant, in the following manner (see Rule 4(d) (1-5)):

_____
(signature)

_____
(name and title)

_____
(address)

Note:  (1)  The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
(2)  Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and the copy returned to the person requesting service or his attorney.
(3)  If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

Form 24 2M '11/97

This form prescribed by the Chief Justice of the District Courts.

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

WOBURN DISTRICT COURT
TRIAL COURT DEPARTMENT
DOCKET NO. 0453CV1321

TODD J. BENNETT,
    Plaintiff

v.

PROGRESSIVE ASSET MANAGEMENT
SERVICES, INC. and
LOS ANGELES COUNTY DEPARTMENT
OF WATER AND POWER
    Defendants

AMENDED COMPLAINT AND DEMAND
FOR TRIAL BY JURY

## I.
## PARTIES

1. The Plaintiff, Todd J. Bennett (Plaintiff), is a resident of the Commonwealth of Massachusetts.

2. The Defendant, Progressive Asset Management, Inc. (Progressive), on information and belief, is a California Corporation engaged in the business of debt collection. The principal address of Progressive is 5924 E. Los Angeles Avenue, Ste. P, Simi Valley, CA 93063.

3. The Defendant, Los Angeles County Department of Water and Power (LADWP), on information and belief, is an entity engaged in the business of providing water and/or power services, with a principal address of 111 North Hope Street, Los Angeles, CA 90012.

## II.
## FACTS

5. Plaintiff has been a resident of the Commonwealth of Massachusetts consistently since October, 1999 and never resided in California.

6. Sometime in 2002 or 2003, an unknown person or persons applied for an account with the LADWP using Plaintiff's personal information and/or social security number. Additionally, services were provided to this/these unknown person/s by the LADWP in Los Angeles County, CA.

Page 1 of 4



7. This/these unknown person/s failed to pay a balance of $129.00 and ostensibly, the LADWP hired Progressive to collect this debt.

8. This debt was placed onto Plaintiff's credit report.

9. Plaintiff only found out about this negative credit information when he applied for his auto loan in or about September of 2003.

10. Shortly thereafter in the Fall of 2003, Plaintiff contacted the LADWP and Progressive and provided extensive documentation that he never lived in California, but instead, was a resident of Massachusetts. Furthermore, Plaintiff provided proof that he had been practicing law continuously in Massachusetts since 1999.

11. LADWP and Progressive failed to investigate and/or take reasonable measures both before placing negative credit information on Plaintiff's credit report and/or after Plaintiff notified Defendants of the problem.

12. In April of 2004, both Progressive and the LADWP advised Plaintiff that he was exonerated from the $129.00 water bill.

13. Nevertheless, the negative data persisted on Plaintiff's credit report.

14. Both the LADWP and Progressive communicated with Plaintiff at Plaintiff's business address of 404 Main Street, Suite 1, Wilmington, MA.

15. Plaintiff continued to communicate with both Defendants and advised them that the negative credit data was adversely affecting him and that he demanded that it be removed without haste.

16. The negative credit data remained on Plaintiff's credit report. Accordingly, on November 22, 2004, Plaintiff sent a demand letter pursuant to M.G.L. c.93A, relative to the delay in removing the negative credit data from Plaintiff's credit report. This letter was sent to both Defendants.

17. Plaintiff received a courtesy copy of his credit report from Experian dated December 17, 2004, and noticed that on November 29, 2004 and without Plaintiff's consent, Progressive viewed Plaintiff's credit report.

18. In viewing Plaintiff's credit report without his consent and without legitimate purpose, Plaintiff's credit report now reads under the "comments" section, as follows: "Collection purpose. This inquiry is scheduled to continue on record until 12-2006."

19. LADWP failed to respond to the demand letter.


20. Progressive responded to the letter, but failed to tender a reasonable offer of settlement and failed to otherwise comply with M.G.L. c.93A.

### III.
### COUNTS

**-- COUNT ONE --**
**VIOLATION OF MASSACHUSETTS GENERAL LAWS AND CODE OF MASSACHUSETTS REGULATIONS RELATING TO UNFAIR DEBT COLLECTION**

10. The Plaintiff hereby reiterates and incorporates all paragraphs of this Complaint as if fully stated herein.

11. The actions of both the LADWP and Progressive violated Massachusetts General Laws and the Code of Massachusetts Regulation relative to debt collection.

12. Plaintiff was damaged.

**-- COUNT TWO --**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

13. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

14. The actions of both the LADWP and Progressive violated the Fair Credit Reporting Act.

15. Plaintiff was damaged.

**-- COUNT THREE --**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

17. The actions of both the LADWP and Progressive violated the Fair Debt Collection Practices Act.

18. Plaintiff was damaged.

**-- COUNT FOUR --**
**VIOLATION OF M.G.L. C.93A, SECTIONS 2 AND 9**

19. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

20. The actions of both the LADWP and Progressive violated the Massachusetts Consumer Protection Act.

21. Plaintiff was damaged.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following:

    1.    Judgment against defendants, jointly and severally;

    2.    Costs and attorney's fees;

    3.    Multiple damages; and

    3.    Any other relief this Court deems fair and just.

## V.
## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues under this civil action.

Respectfully submitted,

Date: January 5, 2005

*Brian T. Corrigan*

Brian T. Corrigan, Esq.
BBO # 641750
Todd J. Bennett
BBO# 643185
Corrigan, Bennett & Belfort, P.C.
404 Main Street, Suite One
Wilmington, MA 01887
Tel.: (978) 988-1544

TOTAL P.07

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Todd J. Bennett

**(b)** County of Residence of First Listed Plaintiff    Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Brian T. Corrigan, Esq.
Corrigan Bennett & Belfort PC, 404 Main Street, Suite 1
Wilmington, MA 01887

## DEFENDANTS

Progressive Asset Management Services, Inc. and
Los Angeles County Department of Water and Power
County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund LLP, 800 Boylston Street,
Boston, MA 02199, 617-973-6136

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC Sec.1681, 15 USC. Sec.1692
Brief description of cause:
Plaintiff claims violations of credit reporting and debt collection statutes.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY  NONE

(See instructions):    JUDGE                                   DOCKET NUMBER

DATE
2/08/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)

    _Bennett v. Progressive Asset Management Services, Inc._

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.                                                  /X/  480

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    NONE.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                    YES ☐        NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                    YES ☐        NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                    YES ☐        NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                    YES ☐        NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                    YES ☒        NO ☐

    1.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division  ☒          Central Division  ☐          Western Division  ☐

    2.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division  ☐          Central Division  ☐          Western Division  ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                    YES ☐        NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME :  Steven S. Broadley, BBO #542305

ADDRESS : Posternak Blankstein & Lund LLP, 800 Boylston Street, 33rd Floor, Boston, MA 02199

TELEPHONE NO. : 617-973-6136

(CATEGORYFORM.DOC - 10/17/02)



Corrigan, Bennett & Belfort, PC
404 Main Street, Suite One, Wilmington, MA 01887
Tel: (978)988-1544 Fax: (978)988-1545 www.corbenbel.com

Cambridge Office: One Kendall Square, Building 300-2nd Floor, Cambridge, MA 02139
Tel: (617) 557-8800 Fax: (617) 577-8811

Brian T. Corrigan
Todd J. Bennett*
David E. Belfort**

*Also admitted in Florida
**Also admitted in D.C.

January 18, 2005

Woburn District Court
Civil Clerk's Office
30 Pleasant St
Woburn, MA 01801-4184

RE:    Todd J. Bennett v. Progressive Asset Management Services, Inc. and Los
       Angeles County Department of Water and Power / #0453CV1321

Dear Sir:

     Enclosed please find the following:

1.  Affidavit of Service upon Los Angeles County Department of Water &
    Power with original return receipt attached, and

2.  Affidavit of Service upon Progressive Asset Management Services, Inc.
    with original return receipt attached.

     Thank you.

Respectfully yours,

Brian T. Corrigan

BTC/rd
Enclosures

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.
WOBURN DISTRICT COURT
TRIAL COURT DEPARTMENT
DOCKET NO. 0453CV1321

TODD J. BENNETT,                          )
    Plaintiff                         )
                                      )
v.                                        )      **AMENDED COMPLAINT AND DEMAND**
                                      )      **FOR TRIAL BY JURY**
PROGRESSIVE ASSET MANAGEMENT )
SERVICES, INC. and                        )
LOS ANGELES COUNTY DEPARTMENT)
OF WATER AND POWER                        )
    Defendants.                       )

**I.**
**PARTIES**

1. The Plaintiff, Todd J. Bennett (Plaintiff), is a resident of the Commonwealth of Massachusetts.

2. The Defendant, Progressive Asset Management, Inc. (Progressive), on information and belief, is a California Corporation engaged in the business of debt collection. The principal address of Progressive is 5924 E. Los Angeles Avenue, Ste. P, Simi Valley, CA 93063.

3. The Defendant, Los Angeles County Department of Water and Power (LADWP), on information and belief, is an entity engaged in the business of providing water and/or power services, with a principal address of 111 North Hope Street, Los Angeles, CA 90012.

**II.**
**FACTS**

5. Plaintiff has been a resident of the Commonwealth of Massachusetts consistently since October, 1999 and never resided in California.

6. Sometime in 2002 or 2003, an unknown person or persons applied for an account with the LADWP using Plaintiff's personal information and/or social security number. Additionally, services were provided to this/these unknown person/s by the LADWP in Los Angeles County, CA.

7.  This/these unknown person/s failed to pay a balance of $129.00 and ostensibly, the LADWP hired Progressive to collect this debt.

8.  This debt was placed onto Plaintiff's credit report.

9.  Plaintiff only found out about this negative credit information when he applied for his auto loan in or about September of 2003.

10. Shortly thereafter in the Fall of 2003, Plaintiff contacted the LADWP and Progressive and provided extensive documentation that he never lived in California, but instead, was a resident of Massachusetts. Furthermore, Plaintiff provided proof that he had been practicing law continuously in Massachusetts since 1999.

11. LADWP and Progressive failed to investigate and/or take reasonable measures both before placing negative credit information on Plaintiff's credit report and/or after Plaintiff notified Defendants of the problem.

12. In April of 2004, both Progressive and the LADWP advised Plaintiff that he was exonerated from the $129.00 water bill.

13. Nevertheless, the negative data persisted on Plaintiff's credit report.

14. Both the LADWP and Progressive communicated with Plaintiff at Plaintiff's business address of 404 Main Street, Suite 1, Wilmington, MA.

15. Plaintiff continued to communicate with both Defendants and advised them that the negative credit data was adversely affecting him and that he demanded that it be removed without haste.

16. The negative credit data remained on Plaintiff's credit report. Accordingly, on November 22, 2004, Plaintiff sent a demand letter pursuant to M.G.L. c.93A, relative to the delay in removing the negative credit data from Plaintiff's credit report. This letter was sent to both Defendants.

17. Plaintiff received a courtesy copy of his credit report from Experian dated December 17, 2004, and noticed that on November 29, 2004 and without Plaintiff's consent, Progressive viewed Plaintiff's credit report.

18. In viewing Plaintiff's credit report without his consent and without legitimate purpose, Plaintiff's credit report now reads under the "comments" section, as follows: "Collection purpose. This inquiry is scheduled to continue on record until 12-2006."

19. LADWP failed to respond to the demand letter.

20. Progressive responded to the letter, but failed to tender a reasonable offer of settlement and failed to otherwise comply with M.G.L. c.93A.

## III.
## COUNTS

### -- COUNT ONE --
### VIOLATION OF MASSACHUSETTS GENERAL LAWS AND CODE OF MASSACHUSETTS REGULATIONS RELATING TO UNFAIR DEBT COLLECTION

10. The Plaintiff hereby reiterates and incorporates all paragraphs of this Complaint as if fully stated herein.

11. The actions of both the LADWP and Progressive violated Massachusetts General Laws and the Code of Massachusetts Regulation relative to debt collection.

12. Plaintiff was damaged.

### -- COUNT TWO --
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

13. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

14. The actions of both the LADWP and Progressive violated the Fair Credit Reporting Act.

15. Plaintiff was damaged.

### -- COUNT THREE --
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

17. The actions of both the LADWP and Progressive violated the Fair Debt Collection Practices Act.

18. Plaintiff was damaged.

### -- COUNT FOUR --
### VIOLATION OF M.G.L. C.93A, SECTIONS 2 AND 9

19. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

20. The actions of both the LADWP and Progressive violated the Massachusetts Consumer Protection Act.

21. Plaintiff was damaged.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following:

1.     Judgment against defendants, jointly and severally;
2.     Costs and attorney's fees;
3.     Multiple damages; and
3.     Any other relief this Court deems fair and just.

## V.
## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues under this civil action.

Respectfully submitted,

Date: January _5_, 2005

Brian T. Corrigan, Esq.
BBO # 641750
Todd J. Bennett
BBO# 643185
Corrigan, Bennett & Belfort, P.C.
404 Main Street, Suite One
Wilmington, MA 01887
Tel.: (978) 988-1544



**CORRIGAN, BENNETT. & BELFORT, PC**

Corrigan, Bennett & Belfort, PC
404 Main Street. Suite One, Wilmington, MA 01887
Tel: (978)988-1544 Fax: (978)988-1545 www.corbenbel.com

Cambridge Office: One Kendall Square, Building 300-2nd Floor, Cambridge, MA 02139
Tel: (617) 557-8800 Fax: (617) 577-8811

Brian T. Corrigan
Todd J. Bennett*
David E. Belfort**

*Also admitted in Florida
**Also admitted in D.C.

January 5, 2005

Woburn District Court
Civil Clerk's Office
30 Pleasant St
Woburn, MA 01801-4184

RE:    Todd J. Bennett v. Progressive Asset Management Services, Inc. and Los
       Angeles County Department of Water and Power / Docket No. 0453CV1321

Dear Sir or Madam:

Enclosed please find an amended complaint regarding the above
referenced matter.

Thank you.

Respectfully yours,

Todd Bennett

TJB:rd
Enclosure

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.
                                      WOBURN DISTRICT COURT
                                      TRIAL COURT DEPARTMENT
                                      DOCKET NO.

| | |
|---|---|
| TODD J. BENNETT, )
Plaintiff )
 )
v. )
 )
PROGRESSIVE ASSET MANAGEMENT )
SERVICES, INC. and )
LOS ANGELES COUNTY DEPARTMENT )
OF WATER AND POWER )
Defendants. ) | **COMPLAINT AND DEMAND
FOR TRIAL BY JURY** |

**I.**
**PARTIES**

1. The Plaintiff, Todd J. Bennett (Plaintiff), is a resident of the Commonwealth of Massachusetts.

2. The Defendant, Progressive Asset Management, Inc. (Progressive), on information and belief, is a California Corporation engaged in the business of debt collection. The principal address of Progressive is 1965 Yosemite Avenue, Ste. 210, Simi Valley, CA 93063.

3. The Defendant, Los Angeles County Department of Water and Power (LADWP), on information and belief, is an entity engaged in the business of providing water and/or power services, with a principal address of 111 North Hope Street, Los Angeles, CA 90012.

**II.**
**FACTS**

5. Plaintiff has been a resident of the Commonwealth of Massachusetts consistently since October, 1999 and never resided in California.

6. Sometime in 2002 or 2003, an unknown person or persons applied for an account with the LADWP using Plaintiff's personal information and/or social security number. Additionally, services were provided to this/these unknown person/s by the LADWP in Los Angeles County, CA.

7. This/these unknown person/s failed to pay a balance of $129.00 and ostensibly, the LADWP hired Progressive to collect this debt.

8. This debt was placed onto Plaintiff's credit report.

9. Plaintiff only found out about this negative credit information when he applied for his auto loan in or about September of 2003.

10. Shortly thereafter in the Fall of 2003, Plaintiff contacted the LADWP and Progressive and provided extensive documentation that he never lived in California, but instead, was a resident of Massachusetts. Furthermore, Plaintiff provided proof that he had been practicing law continuously in Massachusetts since 1999.

11. LADWP and Progressive failed to investigate and/or take reasonable measures both before placing negative credit information on Plaintiff's credit report and/or after Plaintiff notified Defendants of the problem.

12. In April of 2004, both Progressive and the LADWP advised Plaintiff that he was exonerated from the $129.00 water bill.

13. Nevertheless, the negative data persisted on Plaintiff's credit report.

14. Both the LADWP and Progressive communicated with Plaintiff at Plaintiff's business address of 404 Main Street, Suite 1, Wilmington, MA.

15. Plaintiff continued to communicate with both Defendants and advised them that the negative credit data was adversely affecting him and that he demanded that it be removed without haste.

16. The negative credit data remained on Plaintiff's credit report. Accordingly, on November 22, 2004, Plaintiff sent a demand letter pursuant to M.G.L. c.93A, relative to the delay in removing the negative credit data from Plaintiff's credit report. This letter was sent to both Defendants.

17. Plaintiff received a courtesy copy of his credit report from Experian dated December 17, 2004, and noticed that on November 29, 2004 and without Plaintiff's consent, Progressive viewed Plaintiff's credit report.

18. In viewing Plaintiff's credit report without his consent and without legitimate purpose, Plaintiff's credit report now reads under the "comments" section, as follows: "Collection purpose. This inquiry is scheduled to continue on record until 12-2006."

19. LADWP failed to respond to the demand letter.

20. Progressive responded to the letter, but failed to tender a reasonable offer of settlement and failed to otherwise comply with M.G.L. c.93A.

## III.
## COUNTS

### -- COUNT ONE --
### VIOLATION OF MASSACHUSETTS GENERAL LAWS AND CODE OF MASSACHUSETTS REGULATIONS RELATING TO UNFAIR DEBT COLLECTION

10. The Plaintiff hereby reiterates and incorporates all paragraphs of this Complaint as if fully stated herein.

11. The actions of both the LADWP and Progressive violated Massachusetts General Laws and the Code of Massachusetts Regulation relative to debt collection.

12. Plaintiff was damaged.

### -- COUNT TWO --
### VIOLATION OF THE FAIR CREDIT REPORTING ACT

13. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

14. The actions of both the LADWP and Progressive violated the Fair Credit Reporting Act.

15. Plaintiff was damaged.

### -- COUNT THREE --
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

17. The actions of both the LADWP and Progressive violated the Fair Debt Collection Practices Act.

18. Plaintiff was damaged.

### -- COUNT FOUR --
### VIOLATION OF M.G.L. C.93A, SECTIONS 2 AND 9

19. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

20. The actions of both the LADWP and Progressive violated the Massachusetts Consumer Protection Act.

21. Plaintiff was damaged.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following:

1. Judgment against defendants, jointly and severally;
2. Costs and attorney's fees;
3. Multiple damages; and
3. Any other relief this Court deems fair and just.

## V.
## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues under this civil action.

Respectfully submitted,

Date: December 2 9 2004

Todd J. Bennett
BBO# 643185
Corrigan, Bennett & Belfort, P.C.
404 Main Street, Suite One
Wilmington, MA 01887
Tel.: (978) 988-1544

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, s.5 | DATE FILED (to be added by Clerk)<br>12-31-04 | DOCKET NUMBER (to be added by Clerk)<br>0453 CV 1321 | Trial Court of<br>Massachusetts |
|---|---|---|---|

| PLAINTIFF(S)<br>Todd J. Bennett | DEFENDANT(S)<br>Progressive Asset Management, Inc. and Los Angeles County Department of Water and Power |
|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN MIDDLESEX AND NORFOLK COUNTIES – SUPERIOR COURT: IN ALL CIVIL ACTIONS, DISTRICT COURT: IN ALL CIVIL ACTIONS SEEKING MONEY DAMAGES. | COUNTY:  ☒ Middlesex  ☐ Norfolk  ☐ <br> SUPERIOR COURT:  ☐ Cambridge  ☐ Lowell  ☐ Dedham <br> DISTRICT COURT:  Woburn District Court      Division |
|---|---|

Based on the facts set forth above (and attached) Plaintiff avers as follows: ☐ **No damages** (Superior Court only)

☒ Damages are not likely to exceed $25,000   ☐ Damages are not likely to be less than or equal to $25,000

*The following is a full, itemized and detailed statement of the facts on which Plaintiff relies to determine money damages:*
*(Attach additional sheets as necessary.)*

| TORT CLAIMS | | AMOUNT |
|---|---|---|
| A. | Documented medical expenses to date: | |
| | 1. Total hospital expenses: | $ |
| | 2. Total doctor expenses: | $ |
| | 3. Total chiropractic expenses: | $ |
| | 4. Total physical therapy expenses: | $ |
| | 5. Total other expenses *(Describe):* | $ |
| | SUBTOTAL: | $ |
| B. | Documented lost wages and compensation to date: | $ |
| C. | Documented property damages to date: | $ |
| D. | Reasonably anticipated future medical and hospital expenses: | $ |
| E. | Reasonably anticipated lost wages: | $ |
| F. | Other documented items of damage *(Describe):* | $ |
| G. | Brief description of Plaintiff's injury, including nature and extent of injury *(Describe):*<br>Defendants improperly maintained negative credit information on Plaintiff's credit report; viewed Plaintiff's credit report without his consent and failed to properly respond to demand issued pursuant to M.G.L. c. 93A. | |

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:**   **$24,999.00**

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): | $ |
| | $ |
| | $ |

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:**   $

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| *Signature*                  *Date* 12/29/2004 | Progressive Asset Management, Inc. |
| Todd Bennett                 643185 | 1965 Yosemite Avenue, Ste. 210 |
| *Print or Type Name*         *B.B.O.#* | |
| 404 Main St., Ste. 1, Wilmington, MA 01887 | Simi Valley, CA 93063 |

**Trial Court of Massachusetts**
**District Court Department**

| | |
|---|---|
| **Civil DOCKET** | DOCKET NUMBER **200453CV001321** |

CASE NAME
**TODD J. BENNETT vs. PROGRESSIVE ASSET MANAGEMENT SERVICES, INC.**

FILED
CLERKS OFFICE.

DATED
2005 FEB 17 12: 29
U.S. DISTRICT COURT
DISTRICT OF MASS.

ASSOCIATED DOCKET NO.    DATE FILED 12/31/2004    DATE DISPOSED 02/16/2005

**CURRENT COURT**
Woburn District Court
30 Pleasant Street
Woburn, MA 01801-4184
(781) 935-4000

PLAINTIFF'S ATTORNEY
TODD JARRETT BENNETT
404 MAIN STREET, SUITE 1
WILMINGTON, MA 01887
(978) 988-1544

PLAINTIFF(S)
P01    TODD J. BENNETT

DEFENDANT'S ATTORNEY

DEFENDANT(S)/OTHER SINGLE PARTIES
D01    PROGRESSIVE ASSET MANAGEMENT SERVICES, INC.
1965 YOSEMITE AVENUE, SUITE 210
SIMI VALLEY, CA 93063

D02    LOS ANGELES COUNTY DEPARTMENT OF WATER AND POWER

**DOCKET ENTRIES**

| NO. | ENTRY DATE | |
|---|---|---|
| 1 | 12/31/2004 | Complaint filed on 12/31/2004 at Woburn District Court. |
| 2 | 12/31/2004 | Appearance for Todd J. Bennett filed by Attorney TODD JARRETT BENNETT 404 Main Street, Suite 1 Wilmington MA 0188 BBO# 643185 |
| 3 | 12/31/2004 | Filing fee of $180.00 and surcharge of $15.00 paid (G.L. c.262 §§ 2 & 4C). |
| 4 | 12/31/2004 | Statement of damages filed by P01  TODD J. BENNETT (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 5 | 12/31/2004 | NOTICE OF POTENTIAL DISMISSAL UNDER MASS.R.CIV.P. 41(b)(1) potentially to be sent on 12/31/2007 04 |
| 6 | 01/07/2005 | On 1/6/05, Amended complaint and Jury Trial Demand filed (Mass.R.Civ.P. 15). |
| 7 | 01/19/2005 | Affidavit of SERVICE UPON PROGRESSIVE ASSET MANAGEMENT SERVICES, INC. filed. |

| | | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|
| Page 1 of 2 | A TRUE COPY, ATTEST: | X _____ |

02/16/2005 03:21 PM

# DOCKET CONTINUATION

DOCKET NUMBER
**200453CV001321**

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 8 | 01/19/2005 | Affidavit of SERVICE UPON L.A. COUNTY DEPT. OF WATER AND POWER filed. |
| 9 | 02/16/2005 | On 2/10/05, Copy of Defendants' Notice of Removal, allowed on 2/9/05 at U.S. District Court. |
| 10 | 02/16/2005 | On 2/10/05, Defendant's Notice of Filing of Notice of Removal |
| 11 | 02/16/2005 | Case removed to U.S. District Court by DEFENDANTS (28 U.S.C. §§1441-1452). |
| 12 | 02/16/2005 | Certified copy of docket issued to STEVEN S. BROADLEY, ESQ.. |

| Page 2 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X _Marianne Virlu_ | DATE 2/16/05 |
|---|---|---|---|

Date/Time Printed: 02/16/2005 03:21 PM



**Posternak**
POSTERNAK BLANKSTEIN & LUND LLP

February 15, 2005

Steven S. Broadley
617-973-6136
617-722-4909 FAX
sbroadley@pbl.com

Civil Clerk
Woburn District Court
30 Pleasant Street
Woburn, MA  01901-4184

RE:    *Todd J. Bennett v. Progressive Asset Management Services, Inc. and Los Angeles County
Department of Water and Power*
C.A. No. 0453CV1321

Dear Sir or Madam:

Enclosed please find this firm's check in the amount of $5.00 for a certified copy of the docket sheet indicating that the Notice of Filing of Notice of Removal has been received and docketed. Kindly forward the certified docket sheet in the enclosed self-addressed stamped envelope. Thank you for your attention to this matter.

Very truly yours,

Steven S. Broadley

SSB/jlf
Enclosures
ID # 421879v01/13807-6

cc:    Jonathan Elliot, Esquire



POSTERNAK BLANKSTEIN & LUND LLP

February 10, 2005

Steven S. Broadley
617-973-6136
617-722-4909 FAX
sbroadley@pbl.com

Civil Clerk
Woburn District Court
30 Pleasant Street
Woburn, MA  01901-4184

RE:     *Todd J. Bennett v. Progressive Asset Management Services, Inc. and Los Angeles County*
        *Department of Water and Power*
        C.A. No. 0453CV1321

Dear Sir or Madam:

Enclosed for filing please find:  (1) Notice of Filing of Notice of Removal; and (2) Defendants'
Notice of Removal, docketed in the United States District Court under Civil Action No.
05CV10256PBS.

Very truly yours,

Steven S. Broadley

SSB/jlf
Enclosures
ID # 421379v01/13807-6

cc:     Jonathan Elliot, Esquire
        Brian T. Corrigan, Esquire

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

WOBURN DISTRICT COURT
Civil Action No. 0453CV1321

TODD J. BENNETT,
      Plaintiff

v.

PROGRESSIVE ASSET MANAGEMENT
SERVICES, INC., and LOS ANGELES
COUNTY DEPARTMENT OF WATER
AND POWER,
      Defendants

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Civil Clerk
        Woburn District Court
        30 Pleasant Street
        Woburn, MA  01901-4184

Brian T. Corrigan, Esquire
Todd J. Bennett, Esquire
Corrigan, Bennett & Belfort, P.C.
404 Main Street, Suite One
Wilmington, MA  01887

Please take notice that a Notice of Removal of the above-titled action to the United States

District Court for the District of Massachusetts (Boston Division), a copy of which is attached hereto,

was filed by the defendants in the United States District Court for the District of Massachusetts

(Boston Division) on February 9, 2005.

                              **PROGRESSIVE ASSET MANAGEMENT**
                              **SERVICES, INC., and LOS ANGELES COUNTY**
                              **DEPARTMENT OF WATER AND POWER,**
                              By its attorney,

                              Steven S. Broadley, BBO #542305
                              Posternak Blankstein & Lund, LLP
                              Prudential Tower
                              800 Boylston Street, 32nd Floor
                              Boston, MA  02199-8004
                              617-973-6100

## **CERTIFICATE OF SERVICE**

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 9 day of February, 2005, I caused a copy of the above to be mailed to Brian T. Corrigan, Esquire, Corrigan Bennett & Belfort PC, 404 Main Street, Suite One, Wilmington, MA 01887.

Steven S. Broadley