# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV10256PBS



TODD J. BENNETT,
Plaintiff

v.

PROGRESSIVE ASSET MANAGEMENT
SERVICES, INC., and LOS ANGELES
COUNTY DEPARTMENT OF WATER
AND POWER,
Defendants

## ANSWER OF DEFENDANT LOS ANGELES COUNTY
## DEPARTMENT OF WATER AND POWER

For its Answer to the Complaint herein, the defendant denominated by plaintiff as the

Los Angeles County Department of Water and Power ("LADWP"), by and through undersigned

counsel, hereby states as follows:

1.  Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations of this Paragraph 1 and therefore leaves the plaintiff to his proof.

2.  Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations of this Paragraph 2 and therefore leaves the plaintiff to his proof.

3.  Denies, except that admits that it is engaged in the business of providing water and/or

power services and has offices at 111 North Hope Street, Los Angeles, California.

4.  [omitted]

5.  Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations of this Paragraph 5 and therefore leaves the plaintiff to his proof.

6.  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 5 and therefore leaves the plaintiff to his proof, except admits that LADWP provided services to someone with plaintiff's name and/or social security number.

7.  Admits that an account in the name of the plaintiff had an unpaid balance of $129.00 and that LADWP hired Progressive to collect the amount, and otherwise denies knowledge and information as to the truth or accuracy of the remaining allegations of this Paragraph 7 and therefore leaves the plaintiff to his proof.

8.  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 8 and therefore leaves the plaintiff to his proof.

9.  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 9 and therefore leaves the plaintiff to his proof.

10. Admits that the plaintiff contacted LADWP in writing, provided certain documentation regarding his contention that the subject debt was not his, refers to such documentation for the content thereof, denies knowledge as to any correspondence with Progressive, and otherwise denies the remaining allegations of this Paragraph 10.

11. Denies.

12. Admits as to LADWP but denies knowledge or information as to Progressive and therefore leaves the plaintiff to his proof.

13. Denies knowledge as to the truth or accuracy of the allegations of this Paragraph 13 and therefore leaves the plaintiff to his proof.

14. Admits as to LADWP and otherwise denies knowledge and information as to the truth or accuracy of the allegations of this Paragraph 14 as to Progressive and therefore leaves the plaintiff to his proof.

15. Denies.

16. Denies knowledge or information as to the truth or accuracy of the allegations of this Paragraph 16 and therefore leaves the plaintiff to his proof.

17. Denies knowledge or information as to the truth or accuracy of the allegations of this Paragraph 17 and therefore leaves the plaintiff to his proof.

18. Denies knowledge or information as to the truth or accuracy of the allegations of this Paragraph 18 and therefore leaves the plaintiff to his proof.

19. Denies possessing any record of the time of receipt of such demand and admits that LADWP sent no response directly to plaintiff.

20. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 20 and therefore leaves the plaintiff to his proof.

### Count One

21. The foregoing answers to Paragraphs 1-20 of the Complaint are hereby incorporated by reference as the answers to this Paragraph 10 of Count One as though fully set forth herein.

22. Denies the allegations in paragraph 11.

23. Denies the allegations in paragraph 12.

### Count Two

24. The foregoing answers to Paragraphs 1-23 of the Complaint are hereby incorporated by reference as the answers to this Paragraph 13 of Count Two as though fully set forth herein.

25. Denies the allegations in paragraph 14.

ID # 421668v01/14407-2/ 02.18.2005

3

26. Denies the allegations in paragraph 15.

Count Three

27. The foregoing answers to Paragraphs 1-26 of the Complaint are hereby incorporated

by reference as the answers to this Paragraph 16 of Count Three as though fully set forth herein.

28. Denies the allegations in paragraph 17.

29. Denies the allegations in paragraph 18.

Count Four

30. The foregoing answers to Paragraphs 1-29 of the Complaint are hereby incorporated

by reference as the answers to this Paragraph 19 of Count Four as though fully set forth herein.

31. Denies the allegations in paragraph 20.

32. Denies the allegations in paragraph 21.

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal due to insufficiency of process.

THIRD AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal due to insufficiency of service of process.

FOURTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over defendant LADWP.

FIFTH AFFIRMATIVE DEFENSE

Count One is preempted by the federal Fair Credit Reporting Act, 15 U.S.C. §1681t.

SIXTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of Counts One and Four.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff failed reasonably to mitigate any damages.

**WHEREFORE**, the defendant requests that the complaint be dismissed with prejudice and that it be awarded its costs.

                              **LOS ANGELES COUNTY DEPARTMENT OF
                              WATER AND POWER,**
                              By its attorney,

                              Steven S. Broadley, BBO #542305
                              Posternak Blankstein & Lund, LLP
                              Prudential Tower
                              800 Boylston Street, 32nd Floor
                              Boston, MA  02199-8004
                              617-973-6100

OF COUNSEL:

Jonathan D. Elliot, Esquire
Kleban & Samor, PC
2425 Post Road
Southport, CT  06890

## CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 2L day of February, 2005, I caused a copy of the above **Answer** to be mailed to:

Brian T. Corrigan, Esquire            Jonathan D. Elliot, Esquire
Todd J. Bennett, Esquire              Kleban & Samor, PC
Corrigan Bennett & Belfort PC         2425 Post Road
404 Main Street, Suite One            Southport, CT  06890
Wilmington, MA  01887

                              Steven S. Broadley

ID # 421668v01/14407-2/ 02.18.2005

5