UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV10256PBS

TODD J. BENNETT,
  Plaintiff

v.

PROGRESSIVE ASSET MANAGEMENT
SERVICES, INC., and LOS ANGELES
COUNTY DEPARTMENT OF WATER
AND POWER,
  Defendants

## ANSWER OF DEFENDANT PROGRESSIVE ASSET MANAGEMENT SERVICES, INC.

For its Answer to the Complaint herein, the defendant Progressive Asset Management Services, Inc., hereby states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 1 and therefore leaves the plaintiff to his proof.

2. Admits.

3. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 3 and therefore leaves the plaintiff to his proof.

4. [omitted]

5. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 5 and therefore leaves the plaintiff to his proof.

6. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 6 and therefore leaves the plaintiff to his proof.

7. Admits that an account in the name of the plaintiff had an unpaid balance of $129.00 and that LADWP hired Progressive to collect the amount, and otherwise denies knowledge and

ID # 421667v01/13807-6/ 02.18.2005

information as to the truth or accuracy of the remaining allegations of this Paragraph 7 and therefore leaves the plaintiff to his proof.

8. Admits that Progressive reported the account in question to one or more consumer reporting agencies and otherwise denies.

9. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 9 and therefore leaves the plaintiff to his proof.

10. Admits that the plaintiff contacted Progressive in writing regarding his dispute, refers to that writing for the content thereof, denies knowledge as to the plaintiff's contact with LADWP, and otherwise denies the remaining allegations of this Paragraph 10.

11. Denies.

12. Denies.

13. Denies knowledge or information as to the truth or accuracy of the allegations of this Paragraph 12 and therefore leaves the plaintiff to his proof.

14. Admits as to Progressive and as to LADWP denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 14.

15. Denies.

16. Admits that the plaintiff sent a demand letter dated November 22, 2004, otherwise denies as stated and refers to the letter for the content thereof and denies knowledge or information as to the remaining allegations of this Paragraph 16 and therefore leaves the plaintiff to his proof.

17. Denies knowledge or information as to the truth of the allegations of this Paragraph 17 and therefore leaves the plaintiff to his proof.

18. Denies that Progressive viewed the plaintiff's report without his consent or without legitimate purpose and otherwise denies knowledge or information as to the truth or accuracy of the remaining allegations of this Paragraph 18 and leaves the plaintiff to his proof.

19. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph 19 and therefore leaves the plaintiff to his proof.

20. Admits that Progressive responded to the letter and otherwise denies the remaining allegations of this Paragraph 20.

## Count One

21. The foregoing answers to Paragraphs 1-20 of the Complaint are hereby incorporated by reference as the answers to this Paragraph 10 of Count One as though fully set forth herein.

22. Denies the allegations of paragraph 11.

23. Denies the allegations of paragraph 12.

## Count Two

24. The foregoing answers to Paragraphs 1-23 of the Complaint are hereby incorporated by reference as the answers to this Paragraph 13 of Count Two as though fully set forth herein.

25. Denies the allegations of paragraph 14.

26. Denies the allegations of paragraph 15.

## Count Three

27. The foregoing answers to Paragraphs 1-26 of the Complaint are hereby incorporated by reference as the answers to this Paragraph 16 of Count Three as though fully set forth herein.

28. Denies the allegations of paragraph 17.

29. Denies the allegations of paragraph 18.

## Count Four

30. The foregoing answers to Paragraphs 1-29 of the Complaint are hereby incorporated by reference as the answers to this Paragraph 19 of Count Four as though fully set forth herein.

31. Denies the allegations of paragraph 20.

32. Denies the allegations of paragraph 21.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any violation of the FDCPA which Progressive expressly denies, was unintentional, resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Any claimed violation of the FDCPA occurring before one year preceding the date of commencement of this action is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Count One is preempted by the federal Fair Credit Reporting Act, 15 U.S.C. §1681t.

## FIFTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of Counts One and Four.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that the defendant Progressive viewed the plaintiff's credit file, it did so with a permissible purpose.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that the defendant Progressive viewed the plaintiff's credit file, it did so in reliance on the plaintiff's request that certain information be deleted, in order to confirm such deletion.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by estoppel.

## NINTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the defendant Progressive.

TENTH AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal due to insufficiency of process.

ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff failed reasonably to mitigate any damages.

**WHEREFORE**, the defendant requests that the Complaint be dismissed with prejudice and that it be awarded its costs.

**PROGRESSIVE ASSET MANAGEMENT SERVICES, INC.,**
By its attorney,

_/s/ Steven S. Broadley_
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA 02199-8004
617-973-6100

OF COUNSEL:

Jonathan D. Elliot, Esquire
Kleban & Samor, PC
2425 Post Road
Southport, CT 06890

### CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 22 day of February, 2005, I caused a copy of the above **Answer** to be mailed to:

| | |
|---|---|
| Brian T. Corrigan, Esquire | Jonathan D. Elliot, Esquire |
| Todd J. Bennett, Esquire | Kleban & Samor, PC |
| Corrigan Bennett & Belfort PC | 2425 Post Road |
| 404 Main Street, Suite One | Southport, CT 06890 |
| Wilmington, MA 01887 | |

_/s/ Steven S. Broadley_
Steven S. Broadley

ID # 421667v01/13807-6/ 02.18.2005

5